Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-743-0307
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY GREEN, an individual, CHARLES WITCHER, an individual<br><br>Plaintiffs<br><br>v.<br><br>CREDITOR IUSTUS ET REMEDIUM, LLP d/b/a CIR LAW OFFICES, LLP; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## I. INTRODUCTION

1.     This is an action for damages brought by individual consumers against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ( "Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3. Plaintiffs TERRY GREEN and CHARLES WITCHER are natural persons residing in the State of California, County of Kern.

4. Defendant CREDITOR IUSUST ET REMEDIUM, LLP d/b/a CIR LAW OFFICES ("CIR") at all times relevant was a limited liability partnership doing business of collecting debts in Los Angeles County, California operating from an address at 8665 Gibbs Dr., Suite 150, San Diego, CA 92123.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names.  Plaintiffs are informed and believe, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiffs.  Plaintiffs request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. 1692a(3).

8.    The purported debt that Defendants attempted to collect from Plaintiffs was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9.    Plaintiffs are "debtors" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

10.    The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV.  FACTUAL ALLEGATIONS

11.    The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

12.    At a time unknown, CIR acquired information regarding an alleged credit card debt (the "Debt") that it attempted to collect from Plaintiffs.

13.    Within the year prior to the filing of this action, CIR began calling Plaintiffs in an attempt to collect the Debt.

14.    CIR called with such frequency and persistence as to constitute harassment for over two months.

15.    CIR called both Plaintiffs on a near daily basis.

16.    CIR called TERRY approximately once a day for approximately two months.

17.    CIR called CHARLES approximately once a day for approximately two months.

18.    CIR called TERRY while she was working.

19.    TERRY requested CIR to stop calling her during her work hours.

20.    CIR ignored TERRY's request and continued to call her.

21.    CIR told CHARLES that although he is drawing social security it was "not that safe" or words to that effect.

22.    CIR implied that it could garnish CHARLES' social security income.

23.    CIR stated that it could "mess up" CHARLES' credit and also "mess his life up" or words to that effect.

24. CIR stated that they were aware that CHARLES owned a home and implied that CIR would be able to put the house up for auction and take the house or words to that effect.

25. As a result of the acts alleged above, Plaintiffs suffered emotional distress and worry.

## V.  FIRST CLAIM FOR RELIEF

### (As against Defendants for Violation of the FDCPA)

26. Plaintiffs repeat, reallege and incorporate by reference all of the foregoing paragraphs.

27. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

   (a) The Defendants violated 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiff at an unusual time or place and/or communicating with the Plaintiff at a time or place known or which should have been known to be inconvenient to the Plaintiff;

   (b) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

   (c) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

   (d) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   (e) The Defendants violated 15 U.S.C. § 1692e(4) by giving the impression that nonpayment of a debt will result in the arrest or imprisonment of a person and/or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful

and the debt collector or creditor intends to take such action;

(f) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

(g) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer; and

(h) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

28. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiffs for Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI.  SECOND CLAIM FOR RELIEF

**(Against all Defendants for Violation of the Rosenthal Act)**

29. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

30. Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a) The Defendants violated California Civil Code §1788.10(e) by threatening any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law;

(b) The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

(c) The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be

1 unreasonable and to constitute an harassment to the Plaintiff under the circumstances;

 (d) The Defendants violated California Civil Code §1788.10(f) by threatening to take action against the Plaintiff which is prohibited by this title; and

 (e) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

31. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

32. As a proximate result of Defendants' violations enumerated above, Plaintiffs have been damaged in amounts which are subject to proof.

33. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendants and each of them for the following:

 (a) Actual damages;

 (b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

 (c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c); and

 (d) For such other and further relief as the Court may deem just and proper.

Date: September 3, 2013

     ___/s/ Jeremy S. Golden_____
     Jeremy S. Golden,
     Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs demand trial by jury in this action.

Date: September 3, 2013

                            ___/s/ Jeremy S. Golden_____
                            Jeremy S. Golden,
                            Attorney for Plaintiffs