UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY GREEN, *et al.*,

Plaintiffs,

v.

CREDITOR IUSTUS REMEDIUM, LLP, *et al.*,

Defendants.

CASE NO. 1:13-CV-01414-LJO-JLT

MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS (DOC. 7)

## I. INTRODUCTION

Plaintiffs Terry Green and Charles Witcher bring this action against Defendant Creditor Iustus Et Remedium, LLP ("CIR"), under the federal Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Before the Court for decision is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 7. Plaintiffs oppose the motion. Doc. 8. Defendant replied. Doc. 10. Because the issues are defined clearly by the briefs, the November 7, 2013 hearing on Defendant's motion was vacated and the matter was submitted for decision on the papers pursuant to Local Rule 230(g). Doc. 12.

## II. BACKGROUND[1]

Plaintiffs are residents of Kern County, California. Doc. 1, ¶ 5. Defendant CIR is engaged in the collection of debts from consumers using the mail and telephone. *Id*. ¶ 5. Plaintiffs allege that CIR attempted to collect a consumer debt from Plaintiffs by calling Plaintiffs on a near daily basis for approximately two months, including some calls to Plaintiff Terry Green while she was working. *Id*. at ¶¶ 8-10, 14-18. Ms. Green requested that CIR stop calling her while she was working, but CIR continued to do so. *Id*. at ¶ 19-20. It is also alleged that CIR implied it could garnish Plaintiff Charles

---

[1] These background facts are drawn exclusively from the Complaint, the truth of which must be assumed for purposes of a Rule 12(b)(6) motion to dismiss.

Witcher's social security income and/or foreclose upon his home. *Id.* at ¶¶ 21-24.

On or about May 7, 2013, CIR filed a collections lawsuit on behalf of its client GE Capital Retail Bank FKA GE Money Bank against Plaintiff Terry Green in the Superior Court for the County of Kern. *See GE Capital Retail Bank FKA GE Money Bank v. Terry Green*, Case No. S-1500-CL-277097 ("Superior Court Action"). The parties reached a settlement regarding the Superior Court Action, which was subsequently dismissed on July 18, 2013. This lawsuit was filed September 3, 2013. Docs. 1 & 2.

### III. <u>STANDARD OF DECISION</u>

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions ... amount[ing] to

nothing more than a 'formulaic recitation of the elements'... are not entitled to be assumed true." *Iqbal*,

556 U.S. at 681. In practice, "a complaint ... must contain either direct or inferential allegations

respecting all the material elements necessary to sustain recovery under some viable legal theory."

*Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional

facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern*

*California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

# IV. <u>DISCUSSION</u>

**A.**     <u>Statute of Limitations.</u>

Defendant argues that the FDCPA claim must be dismissed because the "vague date" provided in

the Complaint does not support a valid claim filed within the applicable statute of limitations. The

FDCPA contains a limitations provision that requires claims to be brought within one year of the alleged

violation:

> An action to enforce any liability created by this subchapter may be
> brought in any appropriate United States district court without regard to
> the amount in controversy, or in any other court of competent jurisdiction,
> <u>within one year from the date on which the violation occurs</u>.

15 U.S.C. § 1692k(d) (emphasis added).

The Complaint alleges that Defendant's offending phone calls began "within one year prior to

the filing of this action." Doc. 2 at ¶ 13. This allegation is sufficient to survive a Rule 12(b)(6) motion to

dismiss. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable

statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von*

*Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (internal

quotation omitted); *DISH Network L.L.C. v. Vicxon Corp.*, 923 F. Supp. 2d 1259, 1267 (S.D. Cal. 2013)

(applying the rule from *Von Saher* post *Iqbal*).[2] Nothing in the Complaint suggests that the FDCPA

---

[2] Defendant is correct that the limitations period is written into the FDCPA, but this does not transform the statute of limitations into a specific pleading requirement. It is still an affirmative defense that Defendant has the burden of raising and establishing. *Cf. Teaupa v. U.S. Nat. Bank N.A.*, 836 F. Supp. 2d 1083, 1095 (D. Haw. 2011) (explaining that Defendant has

3

claim was filed outside the applicable one-year statute of limitations.

There is no merit to Defendant's assertion that the relevant language in the Complaint is a "mere legal conclusion." *See* Doc. 10 at 2. The Complaint alleges that the violations occurred "within the year prior to the filing of this action." Doc. 2 at ¶ 13. While non-specific, this clearly alleges a timeframe in which the violations occurred, namely, within the year prior to September 3, 2013. Defendant has not presented any authority that even remotely suggests a heightened specificity standard akin to that set forth in Federal Rule of Civil Procedure 9 applies to the FDCPA claim.

Defendant's motion to dismiss the FDCPA claim[3] on statute of limitations grounds is DENIED.

**B.    Sufficiency of Factual Allegations.**

Defendant next argues that Plaintiff's factual allegations are insufficient to "prove the allegations of his complaint." Doc. 7 at 6. The very phrasing of this argument suggests Defendant misunderstands the pleading standard. Even after *Iqbal*, Plaintiffs need not "prove" their allegations at the pleading stage. Rather, they must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Here, the factual allegations are sufficient to state plausible claims under both the FDCPA and RFDCPA.

The FDCPA prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). The RFDCPA prohibits "causing a telephone to ring repeatedly or continuously to annoy the person called" and/or "communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances." Cal. Civ. Code §§ 1788.11(d)&(e).

"Whether there is actionable harassment or annoyance turns not only on the volume of calls

---

the burden of raising and establishing statute of limitations defense to claim brought under the Truth in Lending Act, the text of which sets forth a specific limitations period).

[3] The Reply points out, correctly, that a one-year statute of limitations also applies to the RFDCPA. Doc. 10 at 3. But, Defendant did not challenge the RFDCPA claim on this ground in its opening brief. "Parties cannot raise a new issue for the first time in their reply brief." *State of Nev. v. Watkins*, , 1560 (9th Cir. 1990).  Moreover, even if properly presented, a motion to dismiss the RFDCPA claim on this ground would be denied for the same reasons Defendant's motion to dismiss the FDCPA claim on statute of limitations claim must be denied.

made, but also on the pattern of calls. *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 506 (D. Md. 2004). In *Akalwadi*, for example, a FDCPA claim survived summary judgment where the record reflected "periods in which telephone calls were made on a daily basis and three telephone calls being made within five hours on the same day." *Id*. The reasonableness of this volume of calls and their pattern is a question of fact for the jury." *Id*. Here, it is alleged that CIR called Plaintiffs on a near daily basis for approximately two months, including some calls to Plaintiff Terry Green while she was working. *Id*. at ¶¶ 8-10, 14-18. This is sufficient to state a claim under the FDCPA.

The FDCPA also prohibits communications that represent or imply "that nonpayment of a debt will result in the ... garnishment, attachment, or sale of any property... unless such action is lawful and the debt collector ... intends to take such action." 15 U.S.C. § 1692e(4). Likewise, it is unlawful to threaten "to take action that could not legally be taken or that was not intended to be taken." 15 U.S.C. § 1692e(5). Here, the Complaint alleges that CIR implied it could garnish Plaintiff Charles Witcher's Social Security income, Doc. 2 at ¶¶ 21-24. This asset is not subject to garnishment. 47 U.S.C. § 407 (making it unlawful to garnish Social Security income). This is sufficient to allege violations of sections 1693e(4) and (5).

California's RFDCPA provides that any violation of FDCPA is also a violation of RFDCPA. Cal. Civ. Code § 1788.17. Therefore, adequately pled allegations of a violation under FDCPA constitute adequately pled allegations of a violation under RFDCPA. *See McNichols v. Moore Law Grp*., 2012 WL 667760 (S.D. Cal. Feb. 28, 2012).

Defendant's motion to dismiss the FDCPA and RFDCPA claims for failure to state a claim is DENIED.

**C.      Law Firm as Debt Collector Under the RFDCPA.**

Defendant next argues that the RFDCPA claim against it should be dismissed because, as a law firm, it is not a debt collector as that term is defined in the RFDCPA. The RFDCPA defines "debt collector" to mean:

> [A]ny person who, in the ordinary course of business, regularly, on behalf
> of himself or herself or others, engages in debt collection. The term
> includes any person who composes and sells, or offers to compose and
> sell, forms, letters, and other collection media used or intended to be used
> for debt collection, <u>but does not include an attorney or counselor at law</u>.

Cal. Civ. Code § 1788.2 (emphasis added). Defendant argues that law firms fall within the scope of the emphasized exemption, but neglects to point out that there is a split in authority on this question of law, with the majority of district courts concluding that law firms do <u>not</u> qualify for the exemption.

A recent Eastern District of California decision, *Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1087-94 (E.D. Cal. 2013), reviewed the current state of the law and analyzed this issue in detail. As is the case here, the defendant in *Vo* based its argument that a law firm does not qualify as a debt collector under the RFDCPA upon the California Court of Appeals' opinion in *Carney v. Rotkin, Schmerin & McIntyre,* 206 Cal. App. 3d 1513 (1988). While acknowledging that several federal district judges in California relied on *Carney* to hold that the RFDCPA does not apply to law firms, *id.* at 1090-91 (citing *Owings v. Hunt & Henriques*, 2010 WL 3489342 (S.D. Cal. Sep. 3, 2010); *Minasyan v. Creditors Financial Group,* 2012 WL 2328242, (C.D. Cal. Jun. 19, 2012); *Ayyazian v. Moore Law Group,* 2012 WL 2411181 (C.D. Cal. Jun. 26, 2012)), the *Vo* decision explained that at least nine California district judges have refused to exempt law firms from coverage under RFDCPA, *id.* at 1091 (citing *Abels v. JBC Legal Group, P.C.,* 227 F.R.D. 541, 548 (N.D. Cal. 2005); *Navarro v. Eskanos & Adler,* 2007 WL 549904, (N.D. Cal. Feb. 20, 2007); *Owens v. Brachfeld,* 2008 WL 3891958, (N.D. Cal. Aug. 19, 2008); *Robinson v. Managed Accounts Receivables Corp.,* 654 F. Supp. 2d 1051 (C.D. Cal. 2009); *Miranda v. Law Office of D. Scott Carruthers,* 2011 WL 2037556 (E.D. Cal. May 23, 2011) (Wanger, J.); *Moriarity v. Henriques,* 2011 WL 4769270, (E.D. Cal. Oct. 7, 2011) (Thurston, M.J.); *Bautista v. Hunt & Henriques,* 2012 WL 160252, (N.D. Cal. Jan. 17, 2012); *Silva v. Jason Head, PLC,* 2010 WL 4593704, (N.D. Cal. Nov. 4, 2010); *Reimann v. Brachfeld,* 2010 WL 5141858, (N.D. Cal. Dec. 13, 2010)).

The *Vo* decision explicitly rejected *Carney* as a basis for including law firms within the exemption, reasoning:

In *Carney*, 206 Cal. App. 3d at 519, two employees of a debt collection law firm (a secretary and an attorney) falsely represented to plaintiff that a bench warrant had issued for her arrest and that it would remain in effect until she paid the sum demanded by the law firm. Plaintiff sued the law firm, the secretary, the attorney, and the original creditor, alleging causes of action for infliction of emotional distress, abuse of process, and Rosenthal Act violations. The trial court sustained defendants' demurrer and dismissed the complaint in its entirety.

The appeals court partially reversed the trial court's order, holding that defendant's conduct was not subject to the litigation privilege articulated in Cal. Civ. Code § 47, and that plaintiff had properly stated claims for intentional and negligent infliction of emotional distress.

The majority of the *Carney* opinion deals with the foregoing issues. The portion that [defendant] and the *Owings, Minasyan,* and *Ayvazian* courts rely upon is brief and worth reproducing in full:

> Plaintiff's fourth cause of action alleges that, in telling her "non-payment of her debt would result in her arrest when in fact such action was not contemplated and not permitted by law," defendants violated the Fair Debt Collection Practices Act, particularly subdivision (e) of Civil Code section 1788.10. However, the Act applies only to "debt collectors"; it specifically exempts attorneys from its coverage. (Civ. Code, § 1788.2, subd. (c).) Here, the complaint shows on its face that defendant attorney was not a "debt collector" within the meaning of the Act. No amendment to the complaint could establish otherwise. Therefore, the trial court properly sustained defendants' demurrer to the fourth cause of action without leave to amend.

*Carney,* 206 Cal. App. 3d at 1526. In other words, the appeals court did not explicitly find that the term "attorney" includes law firms, or even discuss the issue. Nor can one infer with any certainty that *Carney* implicitly makes such a finding. The opinion does not make clear whether the plaintiff brought a Rosenthal Act claim against the defendant law firm; it is entirely possible that only the attorney was named, and that the use of the plural possessive in the phrase "defendants' demurrer to the fourth cause of action" merely reflects the fact that the defendants collectively demurred to the complaint (rather than each defendant individually demurring to the claims brought against him, her, or it). As such, *Carney* is simply not persuasive precedent for the proposition that the Rosenthal Act exempts law firms from the definition of "debt collector."

*Vo*, 931 F. Supp. 2d at 1091-92. The Court finds this reasoning persuasive and agrees that *Carney* is not controlling.

*Vo* then explained that resolving the issue requires construction of the statutory text. First examining the plain meaning of the statutory language, the district court reasoned:

Black's Law Dictionary (9th Ed. 2010) defines "attorney" as "one who is designated to transact business for another; a legal agent," and "[a] person who practices law." Black's defines "law firm" as "[a]n association of lawyers who practice law together, usu. sharing clients and profits, in a business organized traditionally as a partnership but often today as either a professional corporation or a limited-liability company." *Id.* That is, "attorney" refers to a single individual "who practices law," while "law firm" refers to multiple individuals "who practice law together." *Id.*

*Vo*, 931 F. Supp. 2d at 1092-93. Placing these definitions into context by examining related statutes and regulations, the *Vo* decision explains:

[T]he terms "attorney" and "lawyer" appear to be largely synonymous under California law. California Rule of Professional Conduct 1–100(B)(3) "lawyer" as, among other things, "a member of the State California. ..." By contrast, Rule of Professional 1–100(B) (1) defines "law firm" as:

(a) two or more lawyers whose activities constitute the practice of law, and who share its profits, expenses, and liabilities; or

(b) a law corporation which employs more than one lawyer; or

(c) a division, department, office, or group within a business entity, which includes more than one lawyer who performs legal services for the business entity; or

(d) a publicly funded entity which employs more than one lawyer to perform legal services.

Straightforwardly then, "lawyer" and "law firm" mean different things: the former is a single individual ("a member"), while the latter is a collection of multiple individuals ("two or more lawyers," "more than one lawyer"). This distinction is reinforced by definitions of the term "lawyer" in Cal. Bus. & Prof. Code §§ 6157 (addressing legal advertising) and 6175 (addressing provision of financial services by lawyers). These definitions are nearly identical to that in the Rules of Professional Conduct, except that they contain the addendum, "includes any agent of the lawyer or law firm or law corporation doing business in the state." This addendum further reinforces the notion that "lawyers" and "law firms" are distinct concepts.

Finally, to imply or presume an exception for "law firms" into the statute would run afoul of "the familiar rule of construction, *expressio unius est exclusio alterius*, where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed." *Wildlife Alive v. Chickering,* 18 Cal. 3d 190, 195 (1976).

To summarize, the terms "attorney" and "law firm" have different meanings under relevant provisions of California law, strongly suggesting that the section 1788.2(c) definition of "debt collector" includes law firms.

*Vo*, 931 F. Supp. 2d at 1093-94 (emphasis supplied).

Finally, *Vo* examined relevant legislative history and public policy considerations, reasoning that because the California State Bar regulates attorney behavior on the issue, but not law firm behavior, exempting law firms from coverage would undermine the purpose of the Rosenthal Act:

> The legislative history of the Rosenthal Act gives no indication of whether "law firms" are included in the term "attorney" under Cal. Civ. Code § 1788(c). [¶] But the legislative history of a related statutory provision— Cal. Bus. & Prof. Code § 6077.5—indicates that the terms are distinct. The latter statute, enacted seven years after the Rosenthal Act, requires an attorney, and "his or her employees who are employed primarily to assist in the collection of a consumer debt", to comply with both the Rosenthal Act and certain other enumerated debt collection practices. Violators are subject to discipline by the State Bar of California, rather than by private action. Cal. Bus. & Prof. Code § 6077.5(i). The legislative history of section 6077.5 provides that "[t]he purpose of this bill is to ensure that attorneys comply with fair debt collection practices when collecting consumer debts. This bill is the result of negotiations between the State Bar and the collection agency industry following an ongoing dispute as to the extent of the attorney exemptions from the [Rosenthal Act.]" California Assembly Office of Research, Concurrence in Senate Amendments (AB 1252 (Calderon)), May 3, 1984, at 1. In other words, the Rosenthal Act's "attorney" exemption does not leave attorneys unregulated; they are instead regulated by the State Bar of California. As there is no similar, alternative regulatory regime for "law firms," to exempt them would undermine the public policy articulated in Cal. Civ. Code § 1788.1(b): "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts."

*Vo*, 931 F. Supp. 2d at 1094.

In sum, the *Vo* decision concluded law firms were subject to the RFDCPA because: (1) the terms "lawyer" and "law firm" are not synonymous under California law; and (2) while Cal. Bus. & Prof. Code § 6077.5 requires lawyers to comply with the terms of the Rosenthal act, it also exempts lawyers (but not "law firms") from private actions thereunder, subjecting lawyers to Bar discipline instead, thereby leaving law firms unregulated if not covered by the RFDCPA. *Id.* at 1092-94. *See also Do v. Hollins Law, P.C.*, 2013 WL 4013659 (N.D. Cal. Aug. 5, 2013) (adopting *Vo's* reasoning and conclusion). It is here where the undersigned parts ways with the reasoning in *Vo*. As discussed in the

9

quoted paragraph above, California Business & Professions Code § 6077.5 applies to any California "attorney and <u>his or her employees who are employed primarily to assist in the collection of a consumer debt owed to another</u>," requiring them to comply with the RFDCPA's provisions, but subjecting them to Bar discipline, not private action under the RFDCPA. *See id*. §§ 6077.5 & 6077.5(i). The existence of this language undermines any basis for permitting private actions against law firms under the RFDCPA, for what <u>is</u> a law firm engaged in the process of debt collection made up of other than attorneys and their employees "employed primarily to assist in the collection of a consumer debt owed to another." For better or worse, Cal. Bus. & Prof. Code § 6077.5 hands off discipline of such entities to the State Bar.[4]

Defendant's motion to dismiss the Rosenthal Act claim on this ground is GRANTED.

**D.    Emotional Distress Allegations.**

Among other things, Plaintiffs allege that they suffered "emotional distress and worry" as a result of CIR's conduct. Doc. 2 at ¶ 25. In its opening brief, Defendant argues that Plaintiffs have failed to set forth a tortious action for emotional distress. Doc. 7 at 7. In Opposition, Plaintiffs disclaim any intent to set forth a separate cause of action for emotional distress. Rather, they seek to incorporate emotional distress as an element of damages under their substantive FDCPA and RFDCPA claims. Defendant does not address the issue in Reply. Accordingly, the Court treats this challenge as abandoned.

**V. CONCLUSION**

For the reasons set forth above:

(1) Defendant's motion to dismiss the FDCPA claim for failure to allege satisfaction of the statute of limitations is DENIED;

---

[4] This conclusion is bolstered, rather than refuted, by the legislative history of § 6077.5. The original draft of the California Assembly Bill that eventually was codified as § 6077.5 deemed "a person to be conducting a collection agency if he or she employs one or more individuals, who are not member of the Bar, and whose primary function is collecting claims owed to others, as defined." California Assembly Office of Research, Concurrence in Senate Amendments (AB 1252 (Calderon)), May 3, 1984, at 1. The California Senate's amendments deleted this provision, and instead required "attorneys and their employees employed primarily to help collect consumer debts to comply with specified state and federal fair debt collection provisions." *Id*.

(2) Defendant's motion to dismiss the FDCPA and RFDCPA claims for failure to state a claim is DENIED;

(3) Defendant's motion to dismiss the RFDCPA claim because that statute does not apply to law firms is GRANTED.[5]

IT IS SO ORDERED.

Dated:   **November 12, 2013**              **/s/ Lawrence J. O'Neill**
                                     UNITED STATES DISTRICT JUDGE

---

[5] Plaintiffs have not requested leave to amend as to this claim, so leave is not granted. Moreover, Plaintiffs could not possibly cure this defect by amendment, so amendment would be futile.

11