UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY GREEN, et al,<br><br>    Plaintiffs,<br><br>v.<br><br>CREDITOR IUSTUS ET REMEDIUM, LLP d/b/a/ CIR LAW OFFICES, LLP,<br><br>    Defendant. | Case No.: 1:13-cv-01414 JLT<br><br>PRETRIAL ORDER<br><br>Deadlines:<br><br>Motions in Limine Filing: 2/6/2015<br>Oppositions to Motions in Limine: 2/20/2015<br>Hearing on Motions in Limine: 3/2/15, 10:30 a.m.<br><br>Trial Submissions: March 6, 2015<br><br>Jury trial:  3/17/2015, 8:30 A.M. |

Plaintiffs, Terry Green and Charles Witcher, claim that Defendant engaged in unlawful debt collection activities. They assert claims under the Fair Debt Collection Practices Act and California's Rosenthal Act.

Upon consideration of the Joint Pre-Trial Conference Statement (Doc. 31), the parties' comments at the hearing on January 7, 2015, and the file in this case, the Court issues the following Pre-Trial Order.

**A.      JURISDICTION/ VENUE**

The Court has jurisdiction over the claims in this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1367(a).  (Doc. 1 at 4-5; Doc. 48 at 2.)  Further, Plaintiff's claims arise out of events that occurred in Kern County, California.  Accordingly, venue is proper in the United States District Court

for the Eastern District of California sitting in Bakersfield.  *See* 28 U.S.C. § 1391.

**B.     JURY TRIAL**

Plaintiff included a demand for jury trial in the Complaint.  (Doc. 2 at 7)  Thus, trial will be by jury.

**C.     UNDISPUTED FACTS**

1. Plaintiffs are natural persons residing in the State of California, County of Kern.
2. Defendant at all times relevant was a limited liability partnership doing business of collecting debts in Kern County, California operating from an address at 8665 Gibbs Dr., Suite 150, San Diego, CA 92123.
3. Defendant is engaged in the collection of debts from consumers using the mail and telephone.
4. Defendant regularly attempts to collect consumer debts alleged to be due to another.
5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).
6. Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. 1692a(3).
7. The purported debt that Defendants attempted to collect from Plaintiffs was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).
8. Defendant contacted both Plaintiffs in an attempt to collect the Debt.
9. Defendant CIR was a debt collector.
10. Both Plaintiffs communicated with Defendant CIR about the subject consumer debt.
11. Jomo Ivory, Marisol Ward and AlmaSweezy were all debt collectors working for CIR that spoke with either or both Plaintiffs, Terry Green and Charles Witcher.
12. Recordings of phone calls between debt collectors at CIR and Terry Green show that Plaintiff Terry Green requested that collectors from CIR call her on her cell phone while she was at work during her lunch break.

**D.     DISPUTED FACTS**

1. Defendant called with such frequency and persistence as to constitute harassment for over two months.
2. Defendant called both Plaintiffs on a near daily basis.

2

3. Defendant called Ms. Green approximately once a day for approximately two months.

4. Defendant called Mr. Witcher approximately once a day for approximately two months.

5. Defendant called Ms. Green while she was working.

6. Ms. Green requested Defendant to stop calling her during her work hours.

7. Defendant ignored Ms. Green's request and continued to call her.

8. Defendant told Mr. Witcher that although he is drawing social security it was "not that safe" or words to that effect.

9. Defendant implied that it could garnish Mr. Witcher's social security income.

10. Defendant stated that it could "mess up" Mr. Witcher's credit and also "mess his life up" or words to that effect.

11. Defendant stated that they were aware that Mr. Witcher owned a home and implied that Defendant would be able to put the house up for auction and take the house or words to that effect.

12. As a result of the acts alleged above, Plaintiffs suffered emotional distress and worry.

13. Plaintiff Terry Green told a debt collector at CIR not to call her at work.

14. A debt collector at CIR, Jomo Ivory, told Plaintiff, Charles Witcher, that his social security benefits could be attached, "mess up his life," or "put his house up for auction" in order to satisfy the debt in question.

15. Both Plaintiffs, Terry Green and Charles Witcher, owed a consumer debt that was the subject of collection attempts by Defendant CIR.

16. Both Plaintiffs agreed to pay the subject debt.

17. Plaintiff Terry Green did not have a land line telephone but only a cell phone. Plaintiff Terry Green never told CIR not to call her on her cell phone to discuss the debt.

18. Recordings were made of some but not all of the phone calls between debt collectors with CIR and both Plaintiffs.

19. None of the recordings made contain a statement by Terry Green telling collectors from CIR not to call her while she was at work.

20. None of the recordings of phone calls between Plaintiff Charles Witcher and collectors at CIR discuss Plaintiff Witcher's social security benefits.

21. All of the above-named collectors went through in-house training before speaking to either or both Plaintiffs about their debt.

**E. DISPUTED EVIDENTIARY ISSUES**

None at this time

**F. SPECIAL FACTUAL INFORMATION**

Both Plaintiffs allege to have suffered emotional distress and worry as a result of the collection efforts. Plaintiffs are not claiming any medical expenses. Defendant denies any damages or emotional distress was suffered as a result of the debt collection efforts.

**G. RELIEF SOUGHT**

Plaintiffs seek actual damages which includes, but is not limited to, emotional distress and damage to reputation. Plaintiff also seek statutory damages pursuant to 15 U.S.C. §1692k, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and for such other and further relief as the Court may deem just and proper.

**H. POINTS OF LAW**

Under the provisions of the Fair Debt Collection Practices Act ("FDCPA"), debt collectors are prohibited "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), "like its federal counterpart, is designed to protect consumers from unfair and abusive debt collection practices." *Robinson v. Managed Accounts Receivable Corp.*, 654 F.Supp.2d 1051, 1060 (C.D. Cal. 2009) (citing Cal. Civ. Code § 1788.1). The provisions of FDCPA are incorporated into the Rosenthal Act under Cal. Civ. Code § 1788.17. Consequently, conduct by a debt collector that violates the FDCPA violates Rosenthal Act as well. *See Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104, 1118 (C.D. Cal. 2005); *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 548 (N.D. Cal. 2005).

To establish a violation of the FDCPA and the Rosenthal Act, Plaintiffs must prove: (1) they were consumers (2) who were the object of a collection activity arising from a consumer debt, and (3) the defendant is a "debt collector," (4) who engaged in an act or omission prohibited by the FDCPA or Rosenthal Act. *Miranda v. Law Office of D. Scott Carruthers*, 2011 WL 2037556, at *4 (E.D. Cal. May

4

23, 2011) (citing *Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004)).

FDCPA defines the term "debt collector" as including: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6).

The Rosenthal Act definition of "debt collector" "broader than that contained in the FDCPA." *Izenberg v. ETS Servs., LLC*, 589 F. Supp.2d 1193, 1199 (C.D. Cal. 2008). Under the Rosenthal Act, a "debt collector" is defined as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c).

I. **ABANDONDED ISSUES**

None

J. **WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

**Plaintiffs' Witness List:**

a) Terry Green

b) Charles Witcher

c) Tara Muren

d) Jomo Ivory

e) Kathy Rossman

f) Benny Witcher

g) Linda Barona

h) Jerry Burell

i) Vernon Rhodes

///

**Defendant's Witness List:**

a) Tara Muren, Esq.

b) Jomo Ivory

c) Alma Sweezey

d) Elizabeth Del Castillo

e) Mary Kilgore

f) Amanda Cinq-Mars

g) Lauren Campos

h) Kaitlin Garland

**K.    EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

a) Summons and complaint in underlying action, GE Capital Retail Bank v. Green, Case No. S-1500-CL-277097.

b) CIR Employee Handbook

c) SOP: Employee Discipline Policy

d) SOP: Collector Training

e) SOP: FDCPA Training

f) Debtor Work Card (Account Notes)

g) Call recordings

h) Plaintiffs' Interrogatories

i) Defendant's Responses to Interrogatories

j) Plaintiffs' Requests for Admissions

k) Defendant's Responses to Requests for Admissions

l) Plaintiffs' Requests for Production of Documents

m) Defendant's Responses to Requests for Production of Documents

n)	Notice of Deposition of Defendant

o)	Deposition of Tara Muren

The parties indicate they will seek a protective order for some of the exhibits.

Counsel are ordered to confer no later **January 16, 2015**, for purposes of pre-marking and examining each other's exhibits.

1.	At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. <u>Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference</u>.

2.	At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above. Joint exhibits **SHALL** be admitted into without further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.). Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The Parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered which is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

///

///

///

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|

3. As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party. Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4. Each exhibit binder shall contain an index which is placed in the binder before the exhibits. Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

5. On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

6. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

After the exhibit conference, each counsel SHALL develop four complete, legible sets of exhibits. Counsel SHALL deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to opposing counsel, no later than 4:00 p.m., on **February 6, 2015**. Counsel SHALL determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

7. The Parties SHALL number each page of any exhibit exceeding one page in length.

**L.    DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER

SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

**Plaintiff anticipates offering the following discovery documents at trial**:

1. Deposition transcript of Tara Muren
2. Defendant's responses to interrogatories
3. Defendant's responses to requests for admission
4. Defendant's responses requests for production of documents

**Defendant anticipates offering the following discovery documents at trial**:

1. Plaintiffs' responses to Request for Admissions (Set One)
2. Plaintiffs' responses to Request for Production of Documents (Set One)
3. Plaintiffs' responses to Interrogatories (Set One).

If either party wishes to rely upon discovery documents or deposition transcripts at trial, they SHALL lodge the original discovery requests and responses and/or the original or certified copy of the pertinent transcripts, no later than **February 6, 2015**. If the proffering party wishes the jury to view the discovery document, only the request and response at issue may be visible on the page(s) and all extraneous material must be redacted or the request and the response re-typed on a clean page.[1]

**M.  FURTHER DISCOVERY OR MOTIONS**

No further discovery is sought by either party.

**N.  MOTIONS IN LIMINE**

Any party may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *Jonasson v. Lutheran Child and Family Services*, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Id.*

---

[1] Counsel should have at least two extra copies of the redacted version for review by the Court and opposing counsel before publication is allowed

**In advance of filing any motion in limine, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine.  Along with their motions in limine, the parties SHALL file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute.   Failure to provide the certification may result in the Court refusing to entertain the motion.**

Any motions in limine must be served on the other party and filed with the Court by **February 6, 2015.**  The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court by **February 20, 2015**. The Court sets a hearing on the motions in limine on **March 2, 2015** at 10:30 a.m.  Appearances via Courtcall are authorized.

The parties are reminded they may still object to the introduction of evidence during trial.

**O.    STIPULATIONS**

The parties have not agreed upon any stipulations at this time.

**P.    AMENDMENTS/ DISMISSALS**

None at this time.

**Q.    SETTLEMENT NEGOTIATIONS**

The parties report that the court-sponsored settlement conference failed and Defendant has served a Rule 68 offer lapsed and is deemed rejected.

**R.    AGREED STATEMENT**

None

**S.    SEPARATE TRIAL OF ISSUES**

None.

**T.    APPOINTMENT OF IMPARTIAL EXPERTS**

None requested.

**U.    ATTORNEYS' FEES**

If successful at trial, Plaintiff will seek an award of attorneys' fees according to 15 U.S.C. § 1692k.

///

**V.     TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **March 17, 2015**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California.  Trial is expected to last no longer than 2-3 days.

**W.     TRIAL PREPARATION AND SUBMISSIONS**

**1.     Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **March 6, 2015.**

**2.     Jury Voir Dire**

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **March 6, 2015.**

**3.     Statement of the Case**

The parties **SHALL** file a joint non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **March 6, 2015.**

**4.     Jury Instructions & Verdict Form**

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **February 6, 2015.**  The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **February 27, 2015**.  At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **March 6, 2015**, and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

**If and only if, the parties after genuine, reasonable and good faith effort** cannot agree upon certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **March 6, 2015,** and identify such as the disputed jury instructions and verdict forms.  At the same time, the parties

1 **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible.  All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the **complete** text of the instruction, and the legal authority supporting the instruction.  Each instruction SHALL be numbered.

### W.  OBJECTIONS TO PRETRIAL ORDER

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

### X.  MISCELLANEOUS MATTERS

None.

### Y.  COMPLIANCE

Strict compliance with this order and its requirements is mandatory.  All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   **January 9, 2015**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE